IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RAY WILLIAM WAHL,** § | |
| § | |
| **V.** § | **A-07-CA–623 LY** |
| § | |
| **RICHARD LUNA, Warden, FCI Bastrop,** § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Ray William Wahl's Motion for *In Forma Pauperis* (Clerk's Docket No. 2) and Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Docket No.1), both filed on July 20, 2007.

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Application to Proceed *In Forma Pauperis***

After considering Petitioner's financial affidavit, the Court finds that Petitioner is indigent. Accordingly, the Court HEREBY GRANTS Petitioner *in forma pauperis* status. As explained in detail below, however, the Court is withholding ordering service in this case at this time.

**II. Analysis**

On September 16, 2004, Petitioner pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and possession of a stolen firearm in violation of 18 U.S.C. 922(j). On February 24, 2005, United States District Judge Xavier Rodriguez sentenced Petitioner

to two 30-month terms of imprisonment to be served concurrently. *See* SA-04-CR-374(1) XR, Docket No. 28. At sentencing, the District Court made no recommendation regarding whether Petitioner's federal sentence should run concurrently with, or consecutively to, any state sentence.

On July 20, 2007, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that Bureau of Prisons ("BOP") erred in denying his request for a *nunc pro tunc* designation that he had served his federal sentence while in state and county jail. Petitioner argues that he should have received credit toward his federal sentence for time spent in state custody. Petitioner has previously filed two § 2241 petitions which essentially raised the same claims that he raises in the instant § 2241 Petition. *See Wahl v. Bureau of Prisons*, SA-06-CA-845 RF, *Wahl v. Bureau of Prisons*, No. SA-07-CV-172 XR. Both of Petitioner's previous § 2241 petitions were denied on the merits. *See* SA-06-CA-845 RF, Docket No. 5; SA-70-CV-172 XR, Docket No. 11.

Because Petitioner has raised the same claims in an earlier § 2241 petition, Petitioner's current § 2241 Petition is a successive petition that constitutes an abuse of the writ under 28 U.S.C. § 2244(a). That statute provides the following:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Although the express limitation on successive attempts at collateral relief under the current version of 2244(a) does not literally apply to 28 U.S.C. § 2241 habeas petitions, the Fifth Circuit has held that the version of 28 U.S.C. § 2244(a) in effect prior to the enactment of the Antiterroism and Effective Death Penalty Act of 1996 ("AEDPA") bars successive petitions under § 2241 that are based on the same claim. *See United States v. Tubwell*, 37 F.3d 175, 177-78

(5th Cir. 1994). Because of the similarities between the prior version of § 2244(a) and its current version, the Fifth Circuit has applied the current version to bar successive habeas petitions as an abuse of the writ. *See Jennings v. Meniff*, 214 Fed. App'x. 406, 407 (5th Cir.) (per curium), *cert. denied*, 127 S.Ct. 2289 (2007); *Ortloff v. Fleming*, 88 Fed. App'x. 715, * 716 (5th Cir. 2004). *See also, Henderson v. Berkebile*, 2007 WL 1406560 at * 1 (N.D. Tex. May 11, 2007) (holding that court was without jurisdiction to address successive § 2241 petition); *Wilson v. Morris*, 2006 WL 573021 at * 1 (E.D. Tex. March 7, 2006) (dismissing § 2241 petition as a successive petition under § 2244(a)). Because Petitioner is attempting to raise the same legal issues which have been addressed and rejected in an earlier § 2241 petition, Petitioner's current Petition constitutes an abuse of the writ under 28 U.S.C. § 2244(a) and should be dismissed.[1]

### III. RECOMMENDATION

Based upon the foregoing, the Court RECOMMENDS that the District Court DISMISS Ray William Wahl's Writ of Habeas Corpus as an abuse of the writ under 28 U.S.C. § 2244(a).

The Court FURTHER RECOMMENDS that the District Court bar Petitioner from filing any pleadings, motions or suits in a federal district court which assert claims which must be brought under 28 U.S.C. § 2241 until he has received permission from the Fifth Circuit Court of Appeals to file such claims in a successive § 2241 petition. Lastly, the Magistrate Court RECOMMENDS that the District Court include within its judgment a provision expressly and specifically warning Petitioner that filing or pursuing any further claims without first receiving permission from the Fifth Circuit may result in the imposition of significant monetary sanctions pursuant to FED. R. CIV. P. 11.

---

[1] Because the Court is recommending that the District Court dismiss the instant § 2241 Petition as an abuse of the writ, the Court FURTHER DENIES Petitioner's Motion for Discovery (Clerk's Docket No. 3) and Motion for Appointment of Counsel (Clerk's Docket No. 4).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this the 29th day of August, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE